UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEL-PRAIRIE STOCK FARM, INC.,
a Wisconsin corporation,                           Civil Action No.   07-C-0932

        Plaintiff,

vs.

THE COUNTY OF WALWORTH,
a Wisconsin county, and
DAVID GRAVES,
WALWORTH COUNTY SHERIFF,

        Defendants.

**DEFENDANTS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES The County of Walworth and David Graves, Walworth County Sheriff, by their attorneys and as their Answer to Plaintiff's Amended Complaint admits, denies and shows the court as follows:

1. Admit the allegations in Paragraph 1.
2. Admit the allegations in Paragraph 2.
3. Admit the allegations in Paragraph 3.
4. Admit the allegations in Paragraph 4.
5. Admit the allegations in Paragraph 5.

**INTENTIONAL DAMAGE TO PROPERTY**

6. In answer to Paragraph 6 admit that some damage to plaintiff's crops occurred. Defendants specifically deny that any damage was intentionally caused and affirmatively allege

that defendant's law enforcement officers took all reasonable precautions and used all available measures to minimize and avoid damage to plaintiff's crops.

7. Defendants deny allegations in Paragraph 7.

## NEGLIGENT DAMAGE TO PROPERTY

8. Defendants restate and incorporate by reference all responses in the preceding paragraphs.

9. Defendants deny that they negligently damaged property.

## TAKING WITHOUT JUST COMPENSATION IN VIOLATION OF W.S.A. CONST. ART 1, § 13.

11. Defendants restate and incorporate by reference all responses in the preceding paragraphs.

12. Paragraph 12 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 12. Further, Defendants deny they deprived plaintiff of constitutional rights.

## TAKING WITHOUT JUST COMPENSATION IN VIOLATION OF U.S. CONST. AMEND. 5 AND 42 U.S.C. § 1983.

13. Defendants restate and incorporate by reference all responses in the preceding paragraphs.

14. Paragraph 14 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 14. Further, Defendants deny they deprived plaintiff of constitutional rights.

## VIOLATION OF DUE PROCESS RIGHTS

15. Defendants restate and incorporate by reference all responses in the preceding paragraphs.

16. Paragraph 16 asserts legal conclusions as to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 16. Further, Defendants deny they deprived plaintiffs of their constitutional rights.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a cause of action.

2. The Defendants are protected by qualified immunity.

3. As an affirmative defense show the Court that defendants were complying with applicable Wisconsin Statutes and were required to pursue Jonrenauras Franks in order to apprehend him and to protect the public welfare.

4. As an affirmative defense show the Court that all acts on the part of the defendants were discretionary in nature and protected by the discretionary immunity created by Wis. State. § 893.80.

5. All of the acts of each of the Defendants were in the good faith exercise of governmental authority and not motivated by malice or the intent to harm.

6. As an affirmative defense show the Court that recovery by plaintiff is precluded by public policy.

7. The injuries or damages sustained by plaintiff, if any, were caused in whole or in part by actions of persons for which recovery may not be had against the Defendants.

8. As an affirmative defense show the Court that Plaintiff's damages are limited to $50,000 by Wis. Stat. § 893.80.

9. As an affirmative defense show the Court that any harm that may have come to plaintiff was as a result of superseding and/or intervening causes over which this defendant had no control.

10. As an affirmative defense show the court that plaintiff has failed to name necessary and indispensable parties required for the complete adjudication of this dispute.

11. As an affirmative defense show the court that plaintiff has failed to mitigate its damages.

WHEREFORE, the Defendants request judgment as follows:

1. Dismissing the Amended Complaint on its merits with prejudice; and

2. For such other relief as the Court deems appropriate, including costs and disbursements.

DATED this 24th day of October, 2007.

s/ Thomas Gonzalez, Esq.
Charles H. Bohl, State Bar No. 1000239
Thomas Gonzalez, State Bar No. 1025484
Rhonda M. Matthews, State Bar No. 1056535
Attorneys for Defendants
WHYTE HIRSCHBOECK DUDEK S.C.
555 East Wells Street, Suite 1900
Milwaukee, WI 53202
Telephone: (414) 273-2100
Fax: (414) 223-5000
E-mail: cbohl@whdlaw.com
tgonzalez@whdlaw.com
rmatthews@whdlaw.com

**PURSUANT TO F.R.C.P. 38 DEFENDANTS DEMAND TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.**