UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEL-PRAIRIE STOCK FARM, INC., a Wisconsin corporation,<br>Plaintiff,<br><br>v.<br><br>THE COUNTY OF WALWORTH, a Wisconsin county, and DAVID GRAVES, WALWORTH COUNTY SHERIFF,<br>Defendants. | Case No. 07-C-0932 |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On July 21, 2006, Walworth County pursued Jonrenauras L. Franks onto farm land in which Del-Prairie Stock Farm, Inc., had a growing corn crop. In its attempts to apprehend Mr. Franks, Walworth County, supervised by Walworth County Sheriff David Graves, took possession the corn field. The Defendants' efforts to apprehend Mr. Franks included utilization of low-flying helicopters which destroyed over $50,000 worth of the corn crop in Del-Prairie's field. Del-Prairie President and co-owner James Holt observed the destruction and protested to Sheriff Graves, who told Mr. Holt that the County would compensate Del-Prairie for its losses. Mr. Holt submitted a bill, which the Defendants refused to pay. Del-Prairie thereafter filed this law suit, raising state and federal claims against the Defendants to recover the value of its destroyed corn crop.

The Defendants have filed a motion for summary judgment. The Defendants do not deny that Del-Prairie suffered significant losses. Nor do they deny that their activities, which included taking possession of Del-Prairie's corn field, destroyed Del-Prairie's property. Rather, they claim that even if Del-Prairie suffered significant losses as a result of their activities, Del-Prairie is entitled to no recovery against them as a matter of law, despite Sheriff Graves promise of compensation to Mr. Holt on July 21, 2006.

## STATEMENT OF FACTS

On July 21, 2006, Jonrenauras Franks (Mr. Franks) committed a botched residential burglary, during the course of which he attempted to slash the throat of a man who was inside the home with a box-cutter. (Aff. of Attorney Thomas Gonzalez, ¶¶ 2-4, and exhibits thereto) Walworth County law enforcement, under the direction of Walworth County Sheriff David Graves (Sheriff Graves), pursued Mr. Franks first in a high speed car chase, and then, after Mr. Franks abandoned his vehicle and fled on foot, into a corn field owned by Plaintiff Del-Prairie Stock Farm, Inc. (Del-Prairie) (Aff. of Sheriff David Graves, ¶¶ 1-5)

In attempting to locate and apprehend Mr. Franks, Sheriff Graves and his department literally took possession of Del-Prairie's corn field, excluding non-law enforcement citizens, including Del-Prairie President and co-owner James Holt (Mr. Holt), from a one-half mile radius surrounding the field. (Aff. of James Holt, ¶ 6; Plaintiff's PFF ¶ 3)

Thereafter, the Defendants employed at least one helicopter in its attempts to locate and apprehend Mr. Frank. (Aff. of James Holt, ¶ 7; Aff. of Sheriff David Graves, ¶¶ 7-9; Plaintiff's PFF ¶¶ 3 and 4) In flying low over Del-Prairie's land, this helicopter or these helicopters destroyed a significant portion of Del-Prairie's growing corn crop. (Aff. of James Holt, ¶¶ 7-9, 11-14, and **Exhibits A-C** thereto; Plaintiff's PFF ¶ 5)

Both Sheriff Graves and Mr. Holt were present and observed at least one of the low-flying helicopters as it destroyed portions of Del-Prairie's crop. (Aff. of James Holt, ¶¶ 7, 8 and 9; Plaintiff's PFF ¶ 6) Mr. Holt protested. (Aff. of James Holt, ¶¶ 8 and 9; Plaintiff's PFF ¶ 7) In response to Mr. Holt's protestations, Sheriff Graves first told Mr. Holt that he would stop the damage by preventing the helicopters from flying low over the field; and then, when the damage continued, Sheriff Graves promised Mr. Holt that Walworth County would fully compensate Del-Prairie for its destroyed crops. (Aff. of James Holt, ¶¶ 8 and 9; Plaintiff's PFF ¶¶ 8, 9 and 10) Mr. Holt relied on Sheriff Graves' promise, and his reliance was reasonable. (Plaintiff's PFF ¶¶ 10 and 11) Thereafter, Mr. Holt ceased his efforts to limit or control the Defendants' actions, regardless of the destruction of Del-Prairie's property. (Aff. of James Holt, ¶ 10; Plaintiff's PFF ¶¶ 10 and 11)

In the weeks following the July 21, 2006 incident, Mr. Holt employed Everett A. Hooks, an insurance adjuster for Great American Insurance Group, to assess the damages to Del-Prairie's crops. (Aff. of James Holt, ¶ 14; Plaintiff's PFF ¶ 12) Damages included the visible destruction of some plants. (Aff. of James Holt, ¶ 12; Plaintiff's PFF ¶ 12) Other plants were not visibly destroyed; however, because the incident occurred during pollination, the pollen was knocked from the plants, causing them to fail to develop or produce a healthy crop. (Aff. of James Holt, ¶¶ 2, 12; Plaintiff's PFF ¶ 12) Mr. Hooks determined the total amount of Del-Prairie's damages from the destroyed portion of Del-Prairie's crops to be $58,500. (Aff. of James Holt, ¶ 14, and **Exhibit C** thereto)

Mr. Holt sought compensation for Del-Prairie's loss from Sheriff Graves and the Walworth County Sheriff's Department by letter dated September 6, 2006. Aff. of James Holt, ¶ 15, and **Exhibit D** thereto; Plaintiff's PFF ¶ 14) On September 12, 2006, Sheriff Graves referred Mr. Holt to the Walworth County Board (the Board). (Aff. of James Holt, ¶ 16, and **Exhibit E** thereto; Plaintiff's PFF ¶ 15) On September 22, 2006, Mr. Holt directed his request to the Board. (Aff. of James Holt, ¶ 14, and **Exhibit F** thereto; Plaintiff's PFF ¶ 16)

Del-Prairie harvested its 2006 corn crop in mid to late September, 2006, at which time insurance adjuster Everett Hooks' findings of losses to Del-Prairie in excess of $50,000 were confirmed. (Aff. of James Holt, ¶¶ 1-3, 18; Plaintiff's PFF ¶ 13) Del-Prairie's yields from the corn field with the helicopter damage from the events of July 21, 2006, were extremely low compared to other land in the area during the same year which suffered no damage and other years' yields for the same land under comparable conditions. (Id.)

On May 15, 2007, the Board denied Mr. Holt's September 22, 2006 request for compensation. (Aff. of James Holt, ¶ 19, and **Exhibit G** thereto; Plaintiff's PFF ¶ 17) Mr. Holt filed an Amended Complaint on October 4, 2007, seeking compensation under § 893.80, Wis. Stats., as well as under the state and federal constitutions' takings clauses and for a violation of Del-Prairie's substantive due process rights under the federal constitution.

Del-Prairie seeks recovery for its destroyed crops under alternative theories. Del-Prairie is entitled to recover up to $50,000 from Walworth County pursuant to tort theories under § Sec. 893.80, Wis. Stats. If Del-Prairie is not compensated under § 893.80, Wis. Stats., it is entitled to

recover under Article 1, Sec. 13 of the Wisconsin Constitution. If Del-Prairie is denied recovery under state law, its remedy lies under the 5th and 14th Amendments to the U.S. Constitution and 42 U.S.C. § 1983. Despite Sheriff Graves' promise of full compensation to Mr. Holt, the Defendants have raised a variety of defenses to Del-Prairie's claims. Under the circumstances, the Defendants should be equitably estopped from raising these defenses if their application would deny recovery to Del-Prairie for its losses.

## LAW & ARGUMENT

### I. Liability of Walworth County under § Sec. 893.80, Wis. Stats.

Walworth County is liable to Del-Prairie under § 893.80, Wis. Stats. for $50,000 in value of the crops destroyed during the County's pursuit of Mr. Franks.

Section 893.80 governs claims against governmental bodies or officers, agents or employees. It provides that no legal action may be commenced against a political corporation, such as Walworth County, unless certain conditions are satisfied. The aggrieved party must give notice within 120 days from the date of the occurrence. § 893.80(1g), Wis. Stats. The claim is deemed denied if unanswered within 120 days, and no action is allowed over 6 months after a denial. *Id.* Mr. Holt's September 6 and September 22, 2007 letters to the Sheriff Graves and the Board satisfy the statute's notice requirement. The claim was deemed denied on or about mid-January, 2007, leaving Del-Prairie six months within which to commence legal action. Del-Prairie filed suit within this time period, on May 9, 2007.

The amount recoverable under the statute may not exceed $50,000. § 893.80(3), Wis. Stats. Del-Prairie's claims under § 893.80(3), Wis. Stats., are for the statutory maximum of $50,000, although its actual damages exceed this amount.

Finally, no suit may be brought against a political corporation for the intentional torts of its officers, officials, agents or employees nor may any suit be brought against such corporation for acts done in the exercise of legislative, quasi-legislative, judicial or quasi-judicial functions. § 893.80(4), Wis. Stats. Del-Prairie has filed both an intentional tort claim and a negligence claim against Walworth County under the statute.

Del-Prairie concedes its intentional tort claim against Walworth County is barred by the language of the statute; however, its negligence claim survives.

Case law interpreting § 893.80(4), Wis. Stats., distinguishes between quasi-legislative, or discretionary acts - to which immunity attaches - and ministerial acts for which the governing entity may be liable. The test for determining whether a duty is discretionary (and therefore within the scope of immunity) or ministerial (and not so protected) is that the latter is found only when [the duty] is absolute, certain and imperative, involving merely the performance of a specific task when the law imposes, prescribes and defines the time, mode and occasion for its performance with such certainty that nothing remains for judgment or discretion. *Kimps v. Hill*, 200 Wis.2d 1, 10-11, 546 N.W.2d 151 (1996).

Walworth County argues that the decision to pursue and attempt to locate and apprehend Mr. Franks was purely discretionary. It would seem that the decision to pursue a felony offender, as he flees from the scene of an attempted burglary and violent felony assault, would be an absolute, certain and imperative duty of any responding law enforcement. Likewise, it would seem that the manner in which this task should be performed would be governed by circumstances and the means available to the law enforcement officer at the moment, including but not limited to pursuit by helicopter, rendering the pursuit ministerial. One or both of the low-flying helicopters destroyed a portion of Del-Prairie's crops. To the extent this destruction of Del-Prairie's property was unintentional, and therefore negligent, Walworth County should be required to reimburse Del-Prairie for its loss, up to $50,000, under § 893.80(4), Wis. Stats.

II. Article 1, Sec. 13 of the Wisconsin Constitution Requires Walworth County to Provide Just Compensation Del-Prairie

Even if Walworth County has immunity for Del-Prairie's tort claims under § 893.80, Wis. Stats., it cannot escape its duty to compensate Del-Prairie for the destruction of its crops under Art. 1, Sec. 13 of the Wisconsin Constitution.

Article 1, Sec. 13 of the Wisconsin Constitution provides: "The property of no person shall be taken for public use without just compensation therefore." To trigger the "just compensation" clause there must be a "taking" of private property for public use. *DeBruin v. Green County*, 72 Wis.2d 464, 470, 241 N.W.2d 167 (1976), A "taking" in the constitutional

sense occurs when the government restriction placed on the property "practically or substantially renders the property useless for all reasonable purposes." *Howell Plaza, Inc. v. State Highway Comm.*, 92 Wis.2d 74, 85, 284 N.W.2d 887 (1979), quoting *Buhler v. Racine County*, 33 Wis.2d 137, 143, 146 N.W.2d 403 (1966).

It is well established that "the constitution measures a taking of property not by what a state says, or by what it intends, but by what it does." *Zinn v. State*, 112 Wis.2d 417, 430, 334 N.W.2d 67, 73 (1983) (emphasis in original), citing *San Diego Gas & Electric Co. v. San Diego*, 450 U.S. 621, 652-53, 657, 101 S.Ct. 1287, 1304, 1306, 67 L.Ed.2d 551 (1981) (Brennan, J., dissenting), quoting *Hughes v. Washington*, 389 U.S. 290, 298, 88 S.Ct. 438, 443, 19 L.Ed.2d 530 (1967) (Stewart, J., concurring). It is the effect of the state's action that triggers the Just Compensation Clause, not the intent of the government in taking the action which led to the deprivation of private property rights. *Zinn*. (emphasis in original). If government action has the effect of taking private property for public use, just compensation must be made. The intent of the government has never been the test, rather courts look to whether the impact on the property owner was to deprive him or her of substantially all beneficial use of the property or render the land useless for all reasonable purposes. *Zinn*, citing, e.g., *State v. Herwig*, 17 Wis.2d 442, 117 N.W.2d 335 (1962) (hunting regulation created a game refuge on private property); *Huebner v. Advance Refrigerator Co.*, 200 Wis. 233, 227 N.W. 868 (1929) (street improvements cause destruction of lateral support to abutting property); *Peterson v. Wisconsin River Power Co.*, 264 Wis. 84, 58 N.W.2d 287 (1953); *Benka v. Consolidated Water Power Co.*, 198 Wis. 472, 224 N.W. 718 (1929) (*loss of crops* due to flooding of lands by dam) (emphasis added).

Once property has been taken in the constitutional sense, just compensation is constitutionally required. *Zinn*, 112 Wis.2d at 431, 334 N.W.2d at 74. ***The civil immunity of the individual decision-maker has nothing to do with this constitutional requirement. Id.*** (emphasis added) Public policy arguments to the contrary must fail, because, as stated by Justice Brennan in discussing the Just Compensation Clause of the Fifth Amendment: ". . . the applicability of express constitutional guarantees is not a matter to be determined on the basis of policy judgments made by the legislative, executive or judicial branches." *Zinn*, citing *San Diego*, 450 U.S. at 661, 101 S.Ct. at 1309 (Brennan, J., dissenting).

In *Zinn*, the Wisconsin Supreme Court held that the DNR "took" property when it found that the ordinary high-water mark of a public navigable lake was at a higher contour line than the existing level of lake, with the effect that 200 acres of the plaintiff's land was temporarily converted into public property. *Zinn*, 112 Wis.2d at 431-434, 334 N.W.2d at 74-75. The DNR ruling was subsequently rescinded; however, a temporary taking was sufficient to require an award of just compensation. *Id.* In so ruling, the *Zinn* court clearly stated that the doctrine of sovereign immunity and the just compensation clause must be read together, and that in the absence of legislation permitting suit against the state for just compensation, then the injured property owner may proceed directly under Art. 1, § 13 of the constitution. *Id.*, 112 Wis.2d at 437-438, 334 N.W.2d at 77.

Likewise, in *Eberle v. Dane County Board of Adjustment*, 227 Wis.2d 609, 595 N.W.2d 730 (1999), the Wisconsin Supreme Court found facts sufficient to support a temporary regulatory taking under Article 1, Sec. 13. Plaintiffs were real estate developers who owned two parcels of land. *Eberle*, 227 Wis.2d 609, 595 N.W.2d at 733. As a condition of rezoning, the County Board imposed a restriction that eliminated access to one parcel, then denied a special exception permit for alternate access, on the alleged basis of wetland preservation. *Id.*, 595 N.W.2d at 733-34. Plaintiffs appealed the Board's decision to the circuit court on certiorari review, where it was reversed. *Id.*, 595 N.W.2d at 734-35. In the mean time, Plaintiffs incurred damages, including the loss incurred when they bought back the parcel without access at a price higher than that for which it had been sold. *Id.* The circuit court then dismissed Plaintiffs' Article 1, § 13 claim, reasoning that there was no legally imposed restriction, and thus no taking, because the circuit court had reversed the Board's denial of the permit. *Id.*, 595 N.W.2d at 736. In reinstating Plaintiffs' Article 1, § 13 claim, the *Eberle* court stated that:

> The test to determine whether there was a taking is whether the government action deprived the property owner of all or substantially all beneficial use of the property. While the length of the time period of the restriction is a factor in determining whether such a deprivation has occurred *once this test is satisfied there has been taking even though the property owner has regained full use of the property due to the government's rescission of the restriction.* The governmental unit must then provide just compensation for the period of the taking.

*Eberle*, 595 N.W.2d at 738, citing *Zinn* at 112 Wis.2d at 429, 334 N.W.2d 67 (emphasis by *Eberle* court).

It is undisputed that Walworth County, under the direction of Sheriff Graves, literally took physical possession of a portion of Del-Prairie's land on July 21, 2006, in order to do what Sheriff Graves believed was necessary to protect the public from Mr. Franks, including an aerial search by one or more helicopters. During this temporary taking of Del-Prairie's property, Del-Prairie's owners were prohibited from entering it or from protecting it from damage as it occurred. During this time period, the land was rendered useless to its owners, who were forced to stand by as low-flying helicopters destroyed a significant portion of Del-Prairie's growing crops. It is irrelevant that the County did not specifically intend to destroy Del-Prairie's property during its temporary taking of the land; what is legally relevant is the *effect* of its actions, which was to destroy over $50,000 of growing crops. Because a taking occurred, just compensation is constitutionally required under Article 1, § 13.

The only case cited by the Defendants in support of their position that Del-Prairie is not entitled to compensation under the takings clause of Article 1, § 13 of the Wisconsin Constitution is a fifty-year old case, *Wisconsin Power & Light Co. v. Columbia County*, 3 Wis.2d 1, 87 2d 279 (1958). The Defendants' reliance is misplaced, as the Columbia County case is not only outdated, but was decided on an extremely fact-specific basis. The plaintiff in that case, the Wisconsin Power & Light Company, a public utility - not a private land or property owner - brought suit against Columbia County after its electric power line, which extended across the County's land on steel towers, was damaged as a result of the County's road construction work on adjacent land. In holding that no taking occurred within the meaning of Article 1, § 13, the court took great pains to distinguish the facts of the case before it from others, in which takings had been found to have occurred:

> We note from at the outset that the complaint does not allege that defendant intended to invade or affect plaintiff's property, nor that defendant had any reason to anticipate that the deposit of road material on the swampy ground would damage plaintiff's tower, nor that defendant was negligent in any respect... .

*Columbia County*, 3 Wis.2d at 4, 87 N.W.2d at 280. In contrast, Walworth County and Sheriff Graves specifically intended to invade and take possession of Del-Prairie's corn field, and both Sheriff Graves and Mr. Holt watched as thousands of dollars of Del-Prairie's corn crop was destroyed by the low-flying helicopters.

> ... It is not asserted that defendant removed, seized or touched the tower. In substance the allegation is only that inanimate forces set in motion by defendant some distance from the tower eventually damaged it to an extent which destroyed its utility. Neither is it alleged that plaintiff owned the land which was dislocated; and while we may infer that the tower was there lawfully, there is no ground for attributing to plaintiff any interest in the land other than a mere easement or license to maintain the tower thereon.
>
> The tower was not taken for public use in the usual sense of those words, Neither title nor possession was appropriated. The tower was not put to use in connection with the highway project. It was merely damaged by accident, to an extent practically equivalent to destruction.

*Id.*, 3 Wis. 2d at 4, 87 N.W.2d at 280-281. Again, the facts before this court are very different. The helicopters Walworth County used to locate and apprehend Mr. Franks literally flattened Del-Prairie's crop, which was growing on land owned by Del-Prairie. During this process, Walworth County literally "took" Del-Prairie's land, appropriating it and everything on it for use by the County for law enforcement purposes.

While holding that there had been no 'taking' on the facts before it, the Columbia County simultaneously court acknowledged that Wisconsin courts' history of construing Article 1, § 13 to find 'takings' in a wide range of contexts:

> Thus lands may be 'taken' by flooding it with water impounded by a dam, *Arimond v. Green Bay and Mississippi Canal Co.*, 31 Wis. 316, 335, *Benka v. Consolidated Water Power Co.*, 198 Wis.2d 472, 474, 224 N.W. 718, or by covering it with a permanent embankment of earth, *Olen v. Waupaca County*, 238 Wis. 442, 449, 300 N.W. 178, or by removing lateral support by reducing the grade of a street so that the adjoining owner's soil slides down into the street. *Dahlman v. City of Milwaukee*, 131 Wis. 427, 438-440, 110 N.W. 479, 111 N.W. 675. Even where the owner is not excluded from the surface of the land, a 'taking' may result from raising the water level of a river so that the resulting higher level of a river so that the resulting higher level of percolating water so moistens the soil as to destroy its agricultural value. *Price v. Marinette & MP, Co.*, 197

Wis. 25, 27, 221 N.W. 381; *United States v. Kansas City Life Ins, Co.*, 339 U.S. 799, 810, 70 S.Ct. 885, 94 L.Ed. 1277.

*Columbia County*, 3 Wis.2d at 5, 87 N.W.2d at 281.

III. **Federal Law Requires Walworth County to Compensate Del-Prairie**

In the absence of state law remedies, Del-Prairie is entitled to compensation from Sheriff Graves, acting in his capacity as the Walworth County Sheriff, for the destruction of its crops under the federal constitution both as a taking without just compensation under the 5th Amendment and because their actions constitute a violation of Del-Prairie's substantive due process rights under the 14th Amendment. Sheriff Graves cannot claim that Del-Prairie has failed to exhaust its state court remedies, as inverse condemnation proceedings under Chapter 32, Wis. Stats., do not apply to temporary takings, or to situations in which the state has not commenced condemnation proceedings.

A. **5th Amendment Taking**

The United States Supreme Court decisions under the 5th Amendment takings clause tracks Wisconsin case law under Article 1, § 13 of the Wisconsin Constitution. As under the Wisconsin Constitution, the 5th Amendment mandates "just compensation" whenever private property is taken for public use, even if the taking is temporary. *See, e.g., San Diego Gas & Electric Co. v. San Diego*, 450 U.S. 621, 653-54, 657, 101 S.Ct. 1287, 1304-05, 1306, 67 L.Ed.2d 551 (1981). As under the state constitution, civil immunity granted to government officials by statute does not apply to claims brought under the just compensation clause of the 5th Amendment. *Id.*, 450 U.S. at 661, 101 S.Ct. at 1309 (Brennan, J., dissenting).

Del-Prairie concedes that its takings claim under the federal constitution is not yet ripe, and will not become ripe unless or until it is denied recovery under the takings clause of Article 1, § 13 of the Wisconsin Constitution. *Eberle v. Dan County Bd. Of Adjustment*, 227 Wis.2d 609, 595 N.W.2d 730, 744-45 (1999). However, if Del-Prairie's state law claim is dismissed for any reason, it has a viable federal takings claim.

## B. 14th Amendment Substantive Due Process

The substantive due process clause emanates from the Fourteenth Amendment. *Penterman v. Wisconsin Elec. Power Co.*, 211 Wis.2d 458, 480, 565 N.W.2d 521 (1987). It protects individuals against governmental actions that are arbitrary and wrong, "regardless of the fairness of the procedures used to implement them," *Id.* Substantive due process forbids a government from exercising "power without any reasonable justification in the service of a legitimate government objective." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.E.2d 1043 (1988). A substantive due process claim may apply to a violation of property interests. *New Burham Prairie Homes, Inc., v. Village of Burnham*, 910 F.2d 1474, 1480 (7th Cir. 1990).

Sheriff Graves, acting in his official capacity for Walworth County, utilized low-flying helicopters in his attempt to locate and apprehend a fleeing felon. Del-Prairie co-owner and President James Holt observed the helicopters destroy a significant portion of his crops and, when Mr. Holt protested, Sheriff Graves told him that the County would reimburse Del-Prairie for the destroyed crops. Thereafter, Mr. Holt raised no further objection to the County's possession of the field and its various efforts to apprehend Mr. Franks, regardless of the destruction of Del-Prairie's crops. Del-Prairie has suffered a loss in excess of $50,000, which the County has refused to pay. Failure to compensate Del-Prairie, under these circumstances, would constitute a taking without just compensation, would be arbitrary and wrong, and would constitute a use of government power without reasonable justification.

When evaluating a substantive due process claim, a plaintiff must demonstrate that he or she has been deprived of a liberty interest that is constitutionally protected. *Penterman*. A property interest is constitutionally protected if "state law recognizes and protects that interest." *Id.*

Del-Prairie seeks recovery against Walworth County under state law, including § 893.80 and Article 1, § 13 of the Wisconsin Constitution. Defendants claim, in their motion for summary judgment, that Del-Prairie has no state law claim. If the Defendants are correct regarding Del-Prairie's state law claims, then it has a viable substantive due process claim against Sheriff Graves.

### C. Inverse Condemnation

Del-Prairie's failure to commence inverse condemnation proceedings against Walworth County or Sheriff Graves cannot constitute a failure to exhaust state court remedies, and thereby deprive the court of jurisdiction over its federal claims, as Chapter 32 does not apply to the facts before this court.

The Wisconsin Supreme Court addressed the interplay of Article 1, § 13 of the Wisconsin Constitution and Chapter 32, Wis. Stats., in *Zinn*, ruling that Chapter 32, by its own terms, is inapplicable to temporary takings or situations in which the government does not initiate condemnations proceedings. *Zinn*, 112 Wis.2d at 433-36. Walworth County, through Sheriff Graves, took temporary possession of Del-Prairie's land. The County did not seeking to purchase Del-Prairie's land through condemnation proceedings, which have never been initiated. Hence, as in *Zinn*, Chapter 32 does not apply.

The fact that Chapter 32 is inapplicable does not mean that a party whose property has been taken without just compensation lacks a remedy, even if it appears that sovereign immunity would otherwise bar an action for recovery. *Id.* Rather, the aggrieved party's remedy is to assert a claim directly under Article 1, § 13, of the Wisconsin Constitution, which is self-executing. *Id.* This is because just compensation "is a constitutional necessity rather than a legislative dole." *Zinn*, citing *Luber v. Milwaukee County*, 47 Wis.2d 271, 277, 177 N.W, 2d 380 (1970).

### IV. Equitable estoppel

Sheriff Graves promised James Holt that the County would compensate Del-Prairie for its destroyed property as the destruction was occurring. Under these circumstances, Walworth County and Sheriff Graves should be equitably estopped from denying recovery to Del-Prairie.

Equitable estoppel consists of action or non-action which, on the part of one against whom estoppel is asserted, induces reliance thereon by the other, either in action or non-action, which is to his detriment. *Chicago & Northwestern Transportation Co. v. Thoreson Food Products, Inc.*, 71 Wis.2d 143, 153, 238 N.W.2d 69 (1976). It is elementary, however, that the reliance on the words or conduct of the other must be reasonable (*Chicago & Northwestern Transportation Co. v. Thoreson Food Products, Inc., supra* at 154 (238 N.W.2d 69)) and

justifiable (*Matter of Alexander's Estate*, 75 Wis.2d 168, 183-84, 248 N.W.2d 475 (1977)). *Kohlenberg v. American Plumbing Supply Co.*, 82 Wis.2d 384, 396, 263 N.W.2d 496, 501 (1978).

To establish equitable estoppel, three factors must be present: (1) Action or non-action which induces (2) reliance by another (3) to his detriment. *Gabriel v. Gabriel*, 57 Wis.2d 424, 429, 204 N.W.2d 494, 497 (1973). Equitable estoppel is available against government entities if the government's conduct would work a serious injustice and if the public's interest would not be unduly harmed by the imposition of estoppel. *Park Bldg. Corp v. Industrial Comm.*, 9 Wis.2d 78, 87, 100 N.W.2d 571 (1960).

All three elements are satisfied. Sheriff Graves took action in telling Mr. Holt that Walworth County would compensate Del-Prairie for its losses. Mr. Holt relied on Sheriff Graves' statement, which induced him to quit protesting as Walworth County and its agents destroyed portions of Del-Prairie's crop. Sheriff Graves is the head of law enforcement in Walworth County and he was in charge of law enforcement's attempts to apprehend Mr. Franks. It was therefore reasonable for Mr. Holt to rely on Sheriff Graves' statements. Del-Prairie was harmed by this reliance, as Mr. Holt took no further action to attempt to protect its crop after Sheriff Graves assured him that it would be compensated and Walworth County has now refused to pay.

Without application of equitable estoppel, the government's conduct would work a serious injustice. There is no question that Mr. Franks presented a danger to the wider community of Walworth County on July 21, 2006; the only question is who, under the circumstances of this case, should bear the cost of law enforcement's efforts to secure his capture. Failure to hold Sheriff Graves to his promise to compensate Del-Prairie would cost Del-Prairie over $50,000. It would also send a message to the entire community that the word of law enforcement is not reliable, and that cooperation with law enforcement could bring substantial private loss which will not, despite assurances, be compensated.

The public will not be seriously harmed by application of estoppel to bar the Defendants' defenses. The only harm to the public will be to pay compensation to Del-Prairie. This does not constitute serious harm, as the public benefitted from the use and destruction of Del-Prairie's property on July 21, 2006.

## CONCLUSION

Defendants Walworth County and Sheriff Graves seek a "free pass" from any financial responsibility for the destruction of over $50,000 of Del-Prairie's crops, despite Sheriff Graves' assurances to Del-Prairie owner and President, James Holt, that Del-Prairie would be fully compensated. Equitable estoppel prevents Walworth County from asserting immunity or other defenses to Del-Prairie's request for full compensation. If Walworth County is immune from suit under § 893.80(4), Wis. Stats., that fact does not bar Del-Prairie's claim under Article 1, § 13, for what clearly constitutes a temporary taking of Del-Prairie's land and the effects thereof, including the destruction of Del-Prairie's crops. If state law remedies do not fully compensate Del-Prairie, Del-Prairie should be allowed to proceed against Sheriff Graves, in his capacity as Walworth County Sheriff, under the 5th and 14th Amendments of the federal constitution.

For the reasons set forth above, the Defendants' motion for summary judgment should be DENIED.

DATED this 31st day of March, 2008.

By: s/Sara L. Gehrig
Sara L. Gehrig, State Bar No. 1043246

NOWLAN & MOUAT LLP
100 S. Main St.
P. O. Box 8100
Janesville, WI 53547-8100
608.755.8100
FAX: 608.755.8110

Attorneys for Plaintiff.